# **ATTACHMENT A**

TO PLAINTIFF'S ATTORNEY: ~~PLEASE~~ CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

......... MIDDLESEX ........., ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

Jean Coulter, Plaintiff

v.

Jamsan Hotel Management Inc., Jamsan Investments L.L.C., ARYAN Hospitality L.L.C., RUSHIL Hospitality L.L.C., Hartwell Hospitality, L.L.C., MEENA Investments, L.L.C., MEERA Hospitality, L.L.C., MEERA LLC., SHIVPAR Inc., Ayushi L.L.C., JHM Fortune LLC., JHM Phase II LLC, RONIT Hospitality II LLC, PAYAL Hotel LLC, JHANVI Hospitality LLC., JHM Village LLC, Lexington Mexican Restaurant Group, Inc., AMISHA, L.L.C., AMISHA II L.L.C., Travelocity.com, Hitest Patel, Mrs. Hitest Patel, Navin Patel, Archit Patel, Ashok Patel, Nikul Patel, Kamleshkumar Patel, Kamlesh Patel, Rajeshkumar Patel, Dilip Patel, Michael G. Milazzo Esq., Hitesh Patel, Quality Inn & Suites – Historic Lexington, MA/ Boston- North, Choice Hotels, Kenneth J Biagioni, Unknown Employee of Quality Inn & Suites (known only as Adam), Unknown "Desk Agent" of Quality Inn and Suites, Lexington Police Officer Evelyn, Lexington Police Officer Papia, Lexington Police Lieutenant James Barry Lexington Police Lieutenant Mazerall, Unknown Lexington Police Officer and Lexington Police Department,  Defendants

## SUMMONS

To the above-named Defendant: Lexington Police Department

You are hereby summoned and required to serve upon ...Jean Coulter............................
......................................... Pro Se.... plaintiff's ~~attorney~~, whose address is ..260 Pullman Square PMB 172, Butler, PA 16001..........., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ..200 Trade Center Woburn, MA 01801................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at ......................................................
the ........Sixth.................. day of ........October.............. in the year of our Lord ....2016..........  .

A TRUE COPY ATTEST

DEPUTY SHERIFF
Middlesex County
10/12/16

............................................. Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1681CV02632 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Jean Coulter vs. Jamsan Hotel Management Inc. et al | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|

| TO: Jean Coulter 3000 Chestnut Street P.O. Box 8094 Philadelphia, PA 19101 | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |
|---|---|

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION          DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/12/2016 | |
| Response to the complaint filed (also see MRCP 12) | | 01/11/2017 | |
| All motions under MRCP 12, 19, and 20 | 01/11/2017 | 02/10/2017 | 03/13/2017 |
| All motions under MRCP 15 | 11/07/2017 | 12/07/2017 | 12/07/2017 |
| All discovery requests **and depositions** served and non-expert despositions completed | 09/03/2018 | | |
| All motions under MRCP 56 | 10/03/2018 | 11/02/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/04/2019 |
| Case shall be resolved and judgment shall issue by | | | 09/13/2019 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 09/13/2016 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed 09-13-2016 14:54:47          SCV026 11/2014

## IN THE SUPERIOR COURT OF
## MIDDLESEX COUNTY, MASSACHUSETTS

Jean Coulter,
     Plaintiff

    v.                         Case No.: _____

Jamsan Hotel Management Inc., Jamsan
Investments L.L.C., ARYAN Hospitality L.L.C.,
RUSHIL Hospitality L.L.C., Hartwell Hospitality,
L.L.C., MEENA Investments, L.L.C., MEERA
Hospitality, L.L.C., MEERA LLC., SHIVPAR Inc.,
Ayushi L.L.C., JHM Fortune LLC, JHM Phase II
LLC, RONIT Hospitality II LLC, PAYAL Hotel
LLC, JHANVI Hospitality LLC., JHM Village LLC.,
Lexington Mexican Restaurant Group, Inc.,
AMISHA, L.L.C., AMISHA II L.L.C., Travelocity.com,
Hitest Patel, Mrs. Hitest Patel, Navin Patel, Archit Patel,
Ashok Patel, Nikul Patel, Kamleshkumar Patel, Kamlesh
Patel, Rajeshkumar Patel, Dilip Patel, Michael G.
Milazzo Esq., Quality Inn & Suites - Historic
Lexington, MA/ Boston- North, Choice Hotels,
Kenneth J Biagioni, Unknown Employee of
Quality Inn & Suites (known only as Adam), Unknown
"Desk Agent" of Quality Inn and Suites, Lexington
Police Officer Evelyn, Lexington Police Officer Papia,
Lexington Police Lieutenant James Berry Lexington
Police Lieutenant Mazerall, Unknown Lexington
Police Officer and Lexington Police Department,
     Defendants

## COMPLAINT FOR CIVIL ACTION

    1.)    Pro Se Plaintiff, JEAN COULTER, is a resident of New Jersey, with

mailing address :

        3000 Chestnut Street

P.O. Box 8094
Philadelphia, Pennsylvania 19101
412-616-9505

2.) Defendants JAMSAN INVESTMENTS LLC, JAMSAN HOTEL

MANAGEMENT INC., ARYAN HOSPITALITY LLC, RUSHIL

HOSPITALITY LLC, HARTWELL HOSPITALITY, L.L.C., MEENA

INVESTMENTS, LLC, MEERA HOSPITALITY, L.L.C., MEERA LLC,

SHIVPAR INC., AYUSHI LLC., JHM FORTUNE LLC, JHM PHASE II LLC,

RONIT HOSPITALITY II LLC, PAYAL HOTEL LLC, JHANVI HOSPITALITY

LLC, AMISHA II L.L.C., JHM VILLAGE LLC, LEXINGTON MEXICAN

RESTAURANT GROUP, INC., JHM Village LLC, Lexington Mexican

Restaurant Group, Inc., AMISHA, L.L.C., and QUALITY INN & SUITES -

HISTORIC LEXINGTON, MA/ BOSTON- NORTH are corporate entities with

ownership interests and corporate address at :

440 Bedford St
Lexington, MA 02420
781-863-8500

3.) Defendant Travelocity is a corporation with headquarters located at :

Travelocity USA Corporate Office Headquarters
3150 Sabre Dr.
Southlake, TX 76092
682-605-1000
Email Address: info@travelocity.com or info@sabre.com

2.

4.)    Defendants HITEST PATEL, MRS. HITEST PATEL,

NAVIN PATEL, ARCHIT PATEL, ASHOK PATEL, NIKUL PATEL,

KAMLESHKUMAR PATEL, KAMLESH PATEL, RAJESHKUMAR PATEL,

DILIP PATEL and MICHAEL G. MILAZZO ESQ. are individuals with

businesses and ownership interest at :

> 440 Bedford St
> Lexington,  MA 02420

5.)    Defendant CHOICE HOTELS is the company which Quality Inn &

Suites is part of, with address :

> Choice Hotels International
> 1 Choice Hotels Circle
> Suite 400
> Rockville, MD, 20850
> 301-592-5000

6.)    Defendants KENNETH J BIAGIONI, UNKNOWN "DESK AGENT"

OF QUALITY INN & SUITES and UNKNOWN EMPLOYEE OF QUALITY

INN & SUITES are employed at the Quality Inn  & Suites, with address at :

> 440 Bedford St
> Lexington,  MA 02420
> 781-863-8500

7.)    Defendants LEXINGTON POLICE OFFICER PAPIA, LEXINGTON

POLICE OFFICER EVELYN, LEXINGTON POLICE LIEUTENANT JAMES

BERRY, LEXINGTON POLICE LIEUTENANT MAZERALL, UNKNOWN

3.

LEXINGTON POLICE OFFICER and LEXINGTON MASSACHUSETTS

POLICE DEPARTMENT, have mailing address :

> 1575 Massachusetts Avenue
> Lexington, Massachusetts 02420
> 781-862-1212

Claims against these Defendants include : SLANDER, LIBEL, FRAUD,

BREACH OF CONTRACT, BREACH OF IMPLIED CONTRACT,

HARASSMENT, UNFAIR AND DECEPTIVE BUSINESS PRACTICES,

PERSONAL INJURIES related to Criminal Actions of the Defendants including

"COLOR OF LAW" CIVIL RIGHTS VIOLATIONS, Filing False Police Reports

and Criminal Conspiracy along with numerous other crimes (both Federal and

State), PERSONAL INJURIES related to physical injuries sustained due to water

leak from the room above which was caused by NEGLIGENCE of Defendants and

exacerbated by the actions of Defendants at various times during September 15,

2013, CRIMINAL AND CIVIL CONSPIRACY, as well as PAIN AND

SUFFERING and PUNITIVE DAMAGES.

<u>Facts Upon Which The Claims Are Based</u>

1.)    On August 21 and 23, 2013, Pro Se Plaintiff JEAN COULTER

("Coulter") prepaid for hotel reservations with Defendant TRAVELOCITY.COM

for a booking of a "Top Secret Hotel(TM)" , for the period from September 2,

4.

2013 through October 16, 2013.  The "Top Secret Hotel" bookings turned out to be

for a room at Defendant QUALITY INN & SUITES - HISTORIC LEXINGTON,

MA/ BOSTON- NORTH ("Quality Inn").  **(Exhibits A** and **B)**

     2.)    Because the room was booked at a bargain rate, I did not expect much

– and was therefore not terribly disappointed.  However, problems began as soon

as I requested the advertised / promised "shuttle" service.  Even the first request for

the shuttle was met by delays (must wait until after the maintenance man

completed the new construction he was working on), excuses and, in general,  the

staff attempting to do everything it could to discourage the use of this supposed

amenity.  Breach Of Contract, Fraud, Breach of Implied Contract

     3.)    The first major problem encountered by Coulter was that, upon first

entering the hotel room's bathroom in the morning, Coulter slid across the

bathroom floor and slammed into the tub, injuring her ankle and knee.  It was only

then that Coulter learned that there had been water entering her bathroom through a

leak in the ceiling – apparently from the toilet in the hotel room above where she

was staying.  Negligence, Breach of Contract, Breach of Implied Contract ,
Personal Injuries

     When this problem was reported, the staff made excuses and delays, just as

Coulter had experienced when requesting the shuttle service.  This time, Coulter

was told that because the room above hers was occupied, there was nothing the

hotel could do about the water flowing in through the ceiling of the bathroom.

Negligence

    4.)    Coulter generally traveled in the area using the city bus which passed by the front of the hotel. However, the bus did not run on weekends, and on Sundays, there was no service available within even a couple of miles. So, on Sunday September 15, 2013, Coulter again approached the "desk" to request that the shuttle transport her to the nearby Mall, where city busses still would be available.

    5.)    Again, numerous excuses were given for why Coulter should be expected to pay for a cab rather than utilizing the advertised free shuttle service. But, Coulter persisted, and when she spoke with Defendant KENNETH J BIAGIONI, the "Operations Manager" at the hotel, he chastised her for using the service so often – stating that it was intended only for occasional use. Neither of Defendant Biagioni's claims were truthful – and Coulter soon learned that very little of what Defendant Biagioni says is honest. Fraud, Breach of Contract,

Breach of Implied Contract

    6.)    Coulter's and Biagioni 's discussion was taking place at one end of the reception area – a desk approximately six (6) feet in length. At the other end of the desk were a clerk and people checking out of the hotel. So, all parties were discussing matters in quiet tones, to avoid disturbing the other business being

transacted at the desk. Still though, out-of-the-blue, Defendant Biagioni announced in a loud voice "I am again asking you to lower your voice". Coulter had no idea what Biagioni was referring to, as he had not spoken to her for long and had never made any request that the discussion be quieter – so she believed that he was over-reacting to the desk clerk's discussion with the other customers. Fraud, Slander, Breach of Implied Contract , Personal Injuries related to various crimes by Defendant

7.)    None of the people present had reacted as though there were any issues carrying on their business, so Coulter continued the discussion with Defendant Biagioni. Defendant Biagioni made excuses in an attempt to convince Coulter to either rent a car or use a cab for weekend transportation, and eventually agreed that the shuttle would be available in an hour or so – but that there would not be shuttle service back from the mall at the end of the day. When Coulter complained that it would strand her, Defendant Biagioni began to threaten that he would demand that she leave the hotel because Coulter was abusing the shuttle service (despite Coulter having used it for service on the prior Sunday only). Fraud, Slander, Harassment, Breach of Implied Contract, Personal Injuries related to various crimes by Defendant

8.)    Eventually, Defendant Biagioni's inexplicable statements about the volume of their discussion again started up, and this time, he demanded that

7.

Coulter check-out before 11 a.m. that day. Coulter explained that she had a pre-paid reservation – through October 16, 2013 – but Defendant Biagioni kept insisting that Coulter must leave immediately. <u>Fraud, Slander, Harassment,, Breach of Implied Contract, Personal Injuries related to various crimes by Defendant</u>

     9.)   Coulter asked to speak with the manager, and Defendant Biagioni said that he was the manager. So Coulter asked for the phone numbers and to use the "house phone" so she could contact Choice Hotels and Travelocity. Defendant Biagioni refused to provide <u>any</u> contact information – as well as refusing to permit the use of his "house phone". And when Coulter began looking up the phone number of Choice Hotels on the ads placed around the lobby, Defendant Biagioni repeatedly screamed at her – forcing Coulter to step outside to have any chance at a phone conversation. <u>Harassment, Breach of Implied Contract</u>

     10.)   Coulter spoke with representatives of both Travelocity.com and Choice Hotels – who both confirmed that the shuttle service was supposed to be provided – but claimed to have no authority to force the Quality Inn & Suites to provide this service. <u>Fraud, Breach of Contract, Breach of Implied Contract</u>

Even these conversations were repeatedly interrupted by Defendant Biagioni. <u>Harassment</u>

11.)  Because Defendant Biagioni had begun threatening to force Coulter to leave the hotel, Coulter contacted the Lexington, Massachusetts Police Department.  It was clear that the police spoke with Defendant Biagioni  before speaking with her -- despite the fact that Defendant OFFICER EVELYN was clearly supposed to be responding to Coulter's call to the Police.  Defendant Officer Evelyn informed Coulter that they would not assist Defendant Biagioni in any attempt at removing Coulter from the property  - unless they were claiming that Coulter was Trespassing.  <u>Fraud, Criminal and Civil Conspiracy, Negligence,</u> <u>Breach of Implied Contract Personal Injuries related to various crimes by both</u> <u>Defendants</u>

12.)  Coulter found it particularly interesting that Defendant Officer Evelyn had mentioned "Trespassing", because this is exactly what Defendant Biagioni had claimed he would use to have Coulter removed if she did not leave voluntarily. However, when Coulter researched the Massachusetts law on "Trespassing", she felt that it clearly enumerated her situation among those when the statute would not be applicable.  Coulter mentioned this to Defendant Officer Evelyn, and he stated that the issue at hand was one for the Civil Courts and not the Police.

> CHAPTER 266 Section 120
> Entry upon private property after being forbidden as trespass;
> prima facie evidence; penalties; arrest; tenants or occupants
> excepted
> "... This section shall not apply to tenants or occupants of residential

9.

premises who, having rightfully entered said premises at the
commencement of the tenancy or occupancy, remain therein after
such tenancy or occupancy has been or is alleged to have been
terminated. The owner or landlord of said premises may recover
possession thereof only through appropriate civil proceedings."

13.)   After the Police Officer left, Coulter began receiving harassing and

threatening calls from Defendant Biagioni and another desk employee

UNKNOWN "DESK AGENT" OF QUALITY INN & SUITES ("Unknown Desk

Agent") – demanding that she leave immediately.  Soon after Coulter began to

ignore the ringing phone,  she heard a **very loud pounding on the door to her**

**hotel room**.  Voices outside the door claimed to be Defendant Biagioni and

UNKNOWN EMPLOYEE OF  QUALITY INN & SUITES (KNOWN ONLY AS

ADAM) ("Adam").  Those voices **demanded that Coulter open the door, and**

**that she soon leave the hotel!**  When Coulter refused to open the door – afraid for

her own safety, the two Defendants threatened to, and then did, use their "key" to

attempt to open the door.   Fraud, Personal Injuries related to various crimes by

Defendants, Criminal and Civil Conspiracy, Negligence, Breach of Implied

Contract

14.)   Because the "night latch" was still on, Defendants Biagioni and Adam

were unable to enter.  But, shortly, the voice later identified as Adam, stated that

they intended to return after they retrieved their bolt cutters – so they could force

their way in to the room.  <u>Fraud, Personal Injuries related to various crimes by</u>

<u>Defendant, Breach of Implied Contract, Harassment.</u>

15.)    At this point, Coulter again called the Lexington Police.  The Police

were reluctant to send out an officer again, so Coulter explained that the

Defendants (both Hotel Employees) had tried to enter – and were threatening to

force their way in shortly.  <u>Fraud, Personal Injuries related to various crimes by</u>

<u>Defendants (including Color of Law Violation of Rights), Criminal and Civil</u>

<u>Conspiracy, Negligence, Breach of Implied Contract</u>

16.)    When the Police Officers arrived at Coulter's door, they were not

alone.  It was **<u>again apparent that the Defendant Police Officers chose to speak</u>**

**<u>with the criminals before responding to the victim's call for help – despite</u>**

<u>having been informed that the criminals had taken steps to break-in, and thus had</u>

**<u>already committed a felony!</u>**  This time, Defendant Officer Evelyn had brought

another Lexington Officer, DEFENDANT OFFICER PAPIA with him.  <u>Fraud,</u>

<u>Personal Injuries related to various crimes by Defendants (including Color of Law</u>

<u>Violation of Rights), Criminal and Civil Conspiracy, Negligence, Breach of</u>

<u>Implied Contract</u>

17.)    Coulter explained, with the Defendant Employees of the Hotel

present, what had occurred since Coulter's first call to the Police.  Neither of the

Defendants (Biagioni and Adam) denied any of their reported actions.  Instead they

11.

claimed to be present because Coulter had refused to leave – and also falsely claimed that Coulter had specifically agreed (in a phone conversation with Choice Hotels), that she would leave by 3:00. Coulter vigorously denied this lie by Defendant Biagioni. Defendant Officer Evelyn stated that Coulter was not paying for the room and must leave. Coulter explained that she had pre-paid for the room through October 16, and further that Defendant Biagioni had already stated that he intended to charge Coulter for the room – and Coulter had told him to go ahead and charge the "Rack rate" instead of the lower rate she had been promised, and had paid (as Coulter intended to sue for triple damages). <u>Fraud, Slander, Libel, Personal Injuries related to various crimes by Defendants (including Color of Law Violation of Rights), Criminal and Civil Conspiracy, Negligence, Breach of Implied Contract</u>

18.)    <u>**Defendant Officer Evelyn now informed Coulter that she**</u> <u>***absolutely must leave immediately***</u> – *stating that it was unfair to the hotel for Coulter not to leave because the Hotel need the room for other guests which were arriving later that day.* Defendant Officer Papia joined in this demand – and all of the Defendants who were present kept insisting that Coulter <u>must</u> immediately leave!

Coulter stated that it was clear that on both occasions, Defendant officer Evelyn had chosen to speak first with the criminals rather than respond to the cry

for help from the victim – and **at that moment,** he claimed that there had first been

a call from the Hotel, prior to my call. However, no mention of that call was made

by the dispatcher who was obviously reluctant to send out officers again for the

continuing problem with these criminals - and further there is no evidence to

support the claim of a prior call by the Defendants. <u>Fraud, Personal Injuries</u>

<u>related to various crimes by Defendants (including Color of Law Violation of</u>

<u>Rights), Criminal and Civil Conspiracy, Negligence, Breach of Implied Contract</u>

Coulter had clearly called the Lexington Police Department for assistance

due to the attempted break-in of her room (acts which are believed to constitute the

commission of a Violent Crime) - yet these Police Officers never even attempted

to address the criminal actions by these Defendants. <u>Criminal and Civil</u>

<u>Conspiracy, Negligence, Breach of Implied Contract, Breach of Contract, Fraud</u>

19.)    Eventually, at approximately 3:00 P.M. Coulter succumbed to the

pressures exerted by the Defendant Officers – at the clear request of the Hotel

Defendants. Coulter took one small bag, and went to the airport to pick up a rental

mini-van. <u>Criminal and Civil Conspiracy, Negligence, Breach of Implied</u>

<u>Contract, Breach of Contract</u>

20.)    Upon Coulter's return to the hotel to retrieve her belongings, Coulter

found that the Defendant Hotel had invalidated her card key. So, Coulter was

forced to go to the lobby, where the DEFENDANT UNKNOWN "DESK

AGENT" <u>refused to provide access, until Coulter would comply with demands</u> <u>for Coulter to speak with Defendant Biagioni – who had already repeatedly</u> <u>subjected Coulter to vile language, verbal abuse and threats of physical</u> <u>violence.</u>  Coulter was not permitted access to the room where her belongings remained, until after another Officer, Defendant UNKNOWN LEXINGTON POLICE OFFICER could be present to assure that Coulter could not lock the door and remain in the hotel room that Coulter had already paid for.  <u>Fraud, Personal</u> <u>Injuries related to various crimes by Defendants (including Color of Law Violation</u> <u>of Rights) Criminal and Civil Conspiracy, Negligence, Breach of Implied Contract,</u> <u>Harassment</u>

     21.)   As Coulter was returning the key, she noticed that a bus load of new guests (an Oriental Tour Group) had just arrived, and this was the reason that she was being forced out of the room.

     22.)   Coulter has done preliminary research, and learned that Defendant Biagioni has repeatedly attempted to utilize the Lexington Police Department to illegally evict pre-paid guests – when the hotel is over-booked.  It is apparent that on this occasion, Defendant Biagioni learned the secret piece of the puzzle necessary to convince certain Lexington police Officers to violate the guest's right to Due Process a COLOR OF LAW CIVIL RIGHTS VIOLATION by the Lexington Police Department and the Hotel Defendants!  <u>Fraud, Personal Injuries</u>

related to various crimes by Defendants (including Color of Law Violation of

Rights), Criminal and Civil Conspiracy, Negligence, Breach of Implied Contract

## Jury Trial Demand

At this time, Pro Se Plaintiff, Jean Coulter, demands her right to Trial by

Jury.

## Prayer for Relief

Relief in the amount of $5,800,000.00 (Five Million Eight Hundred

Thousand and no/100ths dollars) is requested – along with any other relief that the

Court finds appropriate.

## Conclusion

It is readily apparent that Defendant Travelocity.com, and Defendant Quality

Inn & Suites have BREACHED THEIR CONTRACT and committed UNFAIR

AND DECEPTIVE BUSINESS PRACTICES for accommodations of Coulter –

merely because the Hotel wanted to accommodate a member of a large group, and

the Hotel had over-booked.  What makes this case even more egregious, is that

Defendant Biagioni chose to select Coulter as a victim who he thought was too old

to fight for her rights.  When threats alone did not work, Defendant Biagioni chose

15.

to lie, and then proceeded to recruit another employee (Defendant Adam), to physically threaten Coulter's safety! These acts of FRAUD, UNFAIR AND DECEPTIVE BUSINESS PRACTICES, CRIMINAL AND CIVIL CONSPIRACY, NEGLIGENCE, BREACH OF IMPLIED CONTRACT and CRIMES including COLOR OF LAW CIVIL RIGHTS VIOLATIONS, Breaking and Entering, Criminal Conspiracy and Filing False Police Reports also involve numerous examples of SLANDER and LIBEL where **Coulter was the completely innocent victim of all of their criminal acts!**

In addition to recovery for the charges at the hotels which eventually replaced this reservation, Coulter seeks to recover for damages including the PAIN AND SUFFERING due to the injury which was caused by Defendants' NEGLIGENCE, CRIMINAL AND CIVIL CONSPIRACY, BREACH OF CONTRACT AND BREACH OF IMPLIED CONTRACT and which was exacerbated by the acts of Hotel Defendants on September 15, 2013. Additionally, Coulter seeks to recover for fees for rental cars and temporary storage due to the unplanned move in the middle of the first reservation period.

It is readily apparent that each and every one of the individual Police Defendants, and indeed the entire Lexington Police Department are far less interested in "protecting and serving" the public, than they are of assisting certain members of the business community – who are expected to "assist" the officers,

16.

with financial and other personal "incentives". CRIMINAL AND CIVIL
CONSPIRACY, NEGLIGENCE, BREACH OF IMPLIED CONTRACT,
BREACH OF CONTRACT, PERSONAL INJURIES RELATED TO THE
CRIMES committed by these defendants as well asthose whose actions had
prompted Coulter to request assistance from the Police in the first place.

Finally Coulter seeks PUNITIVE DAMAGES as the actions which
victimized Coulter are clearly a Pattern And Practice of this "business", now
involving the assistance of certain members of "Law Enforcement" – for the sole
purpose of maximizing the hotel's profits and lining the pockets of certain Police
Officers!

I declare under penalty of perjury that the
foregoing is true and correct to the best of my
knowledge and belief.

Signed this 13th day of September, 2016

Jean Coulter, Plaintiff

17.

Lexington Travelocity Confirmation - Inbox - Yahoo Mail                    Page 1 of 3



Exhibit A

Lexington Travelocity Confirmation - Inbox - Yahoo Mail

responsible for any modifications you make to your trip without our assistance

Hotel Policies

· Top Secret hotel reservations are non-changeable, non-refundable and non-transferable.
· Guests must be at least 18 to 21 years of age at time of check-in (dependent on individual hotel policy) unless accompanied by a parent or guardian.
· You may be required to present a valid credit (not debit) card or cash deposit at check in for incidentals. Examples: Parking, phone calls, room service, or energy surcharges
· Your hotel reservation is guaranteed for late arrival
· Your hotel reservation is generally ineligible for hotel award points or airline mileage
· If you are reserving multiple rooms at the same hotel for the same dates, you must use a different name for each reservation. Using the same name for multiple reservations may cause the hotel to cancel reservations that appear to be duplicates
· No refunds for unused nights, including those resulting from delayed check-in or early check-out, will be given.
· Bed types, smoking preference, and in-room amenities are subject to hotel availability

Cancellations and Refunds

· Top Secret hotel reservations are non-changeable, non-refundable and non-transferable.

--------------------------------------------------------
Pricing
--------------------------------------------------------
Details: 1 Room : 30 Nights ,2 Adults
--------------------------------------------------------
2 Adults

| | |
|---|---|
| Mon, Sep 2 | $52.55 |
| Tue, Sep 3 | $52.55 |
| Wed, Sep 4 | $52.55 |
| Thu, Sep 5 | $52.55 |
| Fri, Sep 6 | $52.55 |
| Sat, Sep 7 | $52.55 |
| Sun, Sep 8 | $52.55 |
| Mon, Sep 9 | $52.55 |
| Tue, Sep 10 | $52.55 |
| Wed, Sep 11 | $52.55 |
| Thu, Sep 12 | $52.55 |
| Fri, Sep 13 | $52.55 |
| Sat, Sep 14 | $52.55 |
| Sun, Sep 15 | $52.55 |
| Mon, Sep 16 | $52.55 |
| Tue, Sep 17 | $52.55 |
| Wed, Sep 18 | $52.55 |
| Thu, Sep 19 | $52.55 |
| Fri, Sep 20 | $52.55 |
| Sat, Sep 21 | $52.55 |
| Sun, Sep 22 | $52.55 |
| Mon, Sep 23 | $52.55 |
| Tue, Sep 24 | $52.55 |
| Wed, Sep 25 | $52.55 |
| Thu, Sep 26 | $52.55 |
| Fri, Sep 27 | $52.55 |
| Sat, Sep 28 | $52.55 |
| Sun, Sep 29 | $52.55 |
| Mon, Sep 30 | $52.55 |
| Tue, Oct 1 | $52.55 |

Sum of nightly rates:  $ 1576.50

Tax Recovery Charge & Service Fees:  $ 159.90

Total for 1 Room:  $ 1736.40

--------------------------------------------------------

We have charged a total of  $ 1736.40 to your Visa ( xxxx xxxx xxxx-0069 )

--------------------------------------------------------
Travel Checklist
--------------------------------------------------------

· Printed Itinerary - We suggest you print this page or your confirmation email to take along with you on your trip
· Photo ID - A valid photo ID is required for hotel check-in
· Credit card - A valid credit card is required for hotel check in

---------------------------------------------------------
Help
---------------------------------------------------------

Travelocity Customer Service Center
Please reference your Travelocity Trip ID 432331165502 anytime
you call us. There may be a penalty and/or charges for reservation
changes, if you are able to make changes.
In the US          1.866.207.1488  24 hours a day / 7 days a week
En Español         1-866-828-3933  7am - 11pm
TDD/Hearing Impaired   1.800.555.7585  24 hours a day / 7 days a week
Outside the US     1-210-521-5871  24 hours a day / 7 days a week
If you have any questions regarding this reservation please
contact Travelocity at 1.866.207.1488

The Travelocity Guarantee
Everything about your booking will be RIGHT  or we'll work with our partners to make it right, right
away. Learn More at:
http://svc.travelocity.com/about/main/0,,TRAVELOCITY_ENIGUARANTEE_TVLY,00.html

---------------------------------------------------------
Hotel Front Desk Use Only
---------------------------------------------------------

This is a Travelocity prepaid reservation. The room and Taxes, Tax Recovery Charge + Airline &
Agency Fees
were charged through Travelocity, but a separate folio should
be created for any incidentals, including extra person fees,
associated with this room reservation.

Room Type:  Top Secret Room

Room Code: 1250426

Rate Code: HW0

Confirmation Code: 31349988

If you have any questions regarding this reservation please
    contact Travelocity at 1.866.207.1488

Compose          Delete   Reply   Reply All   Forward   Actions   [▼] Apply   Back to Search Results

Travelocity Confirmation - Inbox - Yahoo Mail

Page 1 of 3



Exhibit B

Travelocity Confirmation - Inbox - Yahoo Mail                    Page 2 of 3



travelocity | Travel Confirmation

Jean,

Thank you for booking your Top Secret Hotel™ with Travelocity

Your Travelocity Trip ID is 6323 5247 9729

You can view your Trip Details by logging onto Travelocity.com

If any issues arise with your reservation before or during your trip, please contact us immediately

Customer Support                                          Email Travelocity
In the US          1 866 207 1468      24 hours/7 days a week
Outside the US     1 210 521 5871      24 hours/7 days a week
En Español         1 866 828 3933      7am - 10pm CST

Hotel

1 Room, 14 Nights

Confirmation number: 31723389                Contact: JEAN COULTER

Quality Inn and Suites Lexington             Check in Wed, Oct 2, 2013
440 BEDFORD ST                               Check out Wed, Oct 16, 2013
Lexington, MA 02420                          Room: 1 Top Secret Room (2 adults)
781 861 0850

Attention - Hotel Front Desk
This is a pre-paid reservation. Please check your reservation system for payment information
Pre-paid amount may not include extra fees payable to the hotel at check out

Pricing

Room: 1 Top Secret Room (2 adults) 14 Nights
Wed, Oct 2                                   USD 52 55
Thu, Oct 3                                   USD 52 55
Fri, Oct 4                                   USD 52 55
Sat, Oct 5                                   USD 52 55
Sun, Oct 6                                   USD 52 55
Mon, Oct 7                                   USD 52 55
Tue, Oct 8                                   USD 52 55
Wed, Oct 9                                   USD 52 55
Thu, Oct 10                                  USD 52 55
Fri, Oct 11                                  USD 52 55
Sat, Oct 12                                  USD 52 55
Sun, Oct 13                                  USD 52 55
Mon, Oct 14                                  USD 52 55
Tue, Oct 15                                  USD 52 55
Sum of nightly rates                         USD 735 70
Tax Recovery Charge & Service Fees           USD 122 50
Room 1 - Total                               USD 858 20

Total                                        USD 858 20

We charged a total of USD 858 20 to your Discover® xxxx-xxxx-xxxx 3904

Complete Your Travel Plans for Boston

Add a Car                                    More car deals
Economy Car from $172 /week
Compact Car from $206 /week
Intermediate Car from $224 /week

Add a Flight                                 Find a flight
Roundtrip, one-way or multi-destination
We're flush with flight options at your fingertips
Save 15% or more by booking today

Add an Activity                              More things to do
Boston CityPASS from $39
New England Aquarium and IMAX from $10
Photo Tours of Boston from $25

Travelocity Confirmation - Inbox - Yahoo Mail

The Travelocity Guarantee



We look out for you at trip long, and even before you go

The Travelocity Guarantee is our commitment to you that we are here for you

We stand behind everything we sell, everything about your booking will be right, or we'll work with our partners to make it right, right away.

Learn more



**TRAVELOCITY GUARANTEE**

Additional Information

Online Support

»What if I experience a problem during my trip?
»How can I change or cancel my trip?
»View Frequently Asked Questions

Travel Checklist

- Printed Itinerary - Please print this information and take it with you on your trip.
- Photo ID - A valid photo ID is required for hotel check-in.
- Credit card - A valid credit (not debit) card may need to be presented at check in for incidentals. Examples: Parking, phone calls, room service, or energy surcharges

Policies

- Top Secret hotel reservations are non-changeable, non-refundable and non-transferable.
- Changes to the name on the reservation are not permitted after the booking is completed
- Please review your itinerary immediately. If any issues arise before or during your trip you must call us right away. Why? We work with our suppliers to resolve your concerns, so the only opportunity we have to help you is before your trip ends. If you wait until you return, it's too late.
- If you experience an issue during your trip, you must call us immediately so that we can assist you in resolving your problem. Any portion of your trip that has been used is non-refundable. We are not responsible for any modifications you make to your trip without our assistance.
- No refunds for unused nights will be given, including those resulting from delayed check-in, no shows, or early checkout.
- Bed types, smoking preference, and in-room amenities are subject to hotel availability. Additional fees may apply to some hotel amenities.

General Policies
Hotel Policies
Change and Cancellation Policies
View All Policies

General Policies
Top Secret hotel reservations are non-changeable, non-refundable and non-transferable.
Changes to the name on the reservation are not permitted after the booking is completed.
Please review your itinerary immediately. If any issues arise before or during your trip you must call us right away. Why? We work with our suppliers to resolve your concerns, so the only opportunity we have to help you is before your trip ends. If you wait until you return, it's too late.
If you experience an issue during your trip, you must call us immediately so that we can assist you in resolving your problem. Any portion of your trip that has been used is non-refundable. We are not responsible for any modifications you make to your trip without our assistance.
No refunds for unused nights will be given, including those resulting from delayed check-in, no shows, or early checkout

Hotel Policies
Guests must be at least 18 to 21 years of age at time of check-in (dependent on individual hotel policy) unless accompanied by a parent or guardian.
Your hotel reservation is guaranteed for late arrival
Your hotel reservation is generally ineligible for hotel award points or airline mileage
If you are reserving multiple rooms at the same hotel for the same dates, you must use a different name for each reservation. Using the same name for multiple reservations may cause the hotel to cancel reservations that appear to be duplicates.
Bed types, smoking preference, and in-room amenities are subject to hotel availability. Additional fees may apply to some hotel amenities.

Change and Cancellation Policies
Top Secret hotel reservations are non-changeable, non-refundable and non-transferable.
If a promo code was used, that code is only good once and cannot be used again. Any discount taken will be lost and is non-refundable (i.e., it has no cash value)

Compose    Delete  Reply  Reply All  Forward  Actions    ⌄ Apply    Back to Search Results

with financial and other personal "incentives".  CRIMINAL AND CIVIL

CONSPIRACY, NEGLIGENCE, BREACH OF IMPLIED CONTRACT,

BREACH OF CONTRACT, PERSONAL INJURIES RELATED TO THE

CRIMES committed by these defendants as well as those whose actions had

prompted Coulter to request assistance from the Police in the first place.

 Finally Coulter seeks PUNITIVE DAMAGES as the actions which

victimized Coulter are clearly a Pattern And Practice of this "business", now

involving the assistance of certain members of "Law Enforcement" – for the sole

purpose of maximizing the hotel's profits and lining the pockets of certain Police

Officers!

   I declare under penalty of perjury that the foregoing is
true and correct to the best of my knowledge and belief.
Signed this 26th day of September, 2016

   Jean Coulter, Plaintiff

18.